## ANDERSON v. ANDERSON.

First Division. Ketchikan. April 4, 1927.

No. ——.

**Divorce ⬤⇒34—Incompatibility of Temperament.**

    Mere want of congeniality, or incompatibility of temperament, or wrangling and quarreling between the parties, do not, in Alaska, constitute a ground for divorce.

A. H. Ziegler, of Ketchikan, for plaintiff.
George B. Grigsby, of Ketchikan, for defendant.

⬤⇒See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

REED, District Judge. This action was brought by the plaintiff for a decree of divorce, on the statutory ground of cruel and inhuman treatment, calculated to injure her health and endanger her life.

The impression that the testimony makes upon me is that the fault is mutual, but it is not shown by a fair preponderance of the evidence that there was cruel and inhuman treatment on the part of the defendant, calculated to impair the health of the plaintiff or endanger her life. While it may be true that there is such incompatibility of temperament that the parties cannot now live together, yet that is no ground for a divorce in this jurisdiction. Mere want of congeniality, or incompatibility of temperament, or wrangling and quarreling between the parties, do not, in this jurisdiction, constitute a ground for divorce. To justify a decree on the ground set up in the complaint, there must have been such acts on the part of the husband, either in words or physical violence, as would justify a reasonable apprehension on the part of the wife of danger to her health and life. No mere trifles, condoned or arising from mutual dissension, are grounds for dissolving the marriage relation in this jurisdiction. In my judgment, the plaintiff has not established sufficiently that the defendant was guilty of acts which caused her a reasonable apprehension of danger to her health or life, should cohabitation continue.

The defendant, in his cross-complaint, has also asked for a divorce, because of the false accusations of plaintiff in her testimony, as to his being a drunkard, etc. I am of the opinion that the unsupported testimony of the wife, charging the defendant with drunkenness and cruelty, is not a sufficient ground for a divorce in defendant's behalf. That she may have exaggerated wrongs, or that her statements were based on hearsay, would not be sufficient to authorize the court to enter a decree against her.

These being my conclusions from the testimony, it follows that an order should be entered, denying a decree of divorce to both parties.